No. 18-2140

IN THE

# United States Court of Appeals
# for the Federal Circuit

———————

ARTHREX, INC
*Appellant*
*v.*
SMITH & NEPHEW, INC. AND ARTHROCARE CORP.,
*Appellees*

UNITED STATES
*Intervenor*

———————

APPEAL FROM THE U.S. PATENT & TRADEMARK OFFICE,
PATENT TRIAL AND APPEAL BOARD, *INTER PARTES* REVIEW NO. 2017-00275

———————

**BRIEF OF *AMICUS CURIAE* RON D. KATZNELSON IN SUPPORT OF
ARTHREX'S PETITION FOR REHEARING AND REHEARING *EN BANC***

———————

Ron D. Katznelson, Ph.D.
*Amicus curiae, pro se*
rkatznelson@roadrunner.com
(760) 753-0668
1084 N. El Camino Real, Ste. B-250
Encinitas, CA 92024

July 25, 2022

# TABLE OF CONTENTS

CERTIFICATE OF INTEREST ...............................................................................i

TABLE OF CONTENTS........................................................................................ ii

TABLE OF AUTHORITIES ................................................................................ iii

INTEREST OF *AMICUS CURIAE* ........................................................................1

ARGUMENT .........................................................................................................2

1    The PTO is an "Executive agency" under Title 5 .............................................3

    1.1    All executive functions and duties of the PTO were "transferred" from the Department of Commerce to an "independent establishment in the executive branch".................................6

    1.2    Other clear indicators that the PTO is an "Executive agency" .............7

2    The Panel erred in its interpretation and application of the Director's delegation authority in PTOEA § 4745 ...........................................8

3    The Panel mischaracterizes effects of properly interpreting the Director's "functions and duties"..................................................................12

CONCLUSION ....................................................................................................13

APPENDIX A .....................................................................................................A1

APPENDIX B .....................................................................................................B1

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Emerson v. Fisher*, 246 F. 642, 648 (1st Cir. 1918) ..... ............................................... 11

*Laurel Baye Healthcare of Lake Lanier, Inc. v. Nat'l Labor Relations Bd.*,
    564 F.3d 469 (D.C. Cir. 2009) ........................ ............................................... 11

*Nat'l Labor Relations Bd. v. Bell Aerospace Co.*, 416 U.S. 267 (1974) ..................... 12

*UC Health v. Nat'l Labor Relations Bd.*, 803 F.3d 669 (D.C. Cir. 2015) .................. 11

*United States v. Chin*, 848 F.2d 55 (4th Cir.1988) ..... ............................................... 11

**STATUTES**

35 U.S.C. § 1 note................................... ...................................................... 9

35 U.S.C. § 1(a) ................................... ...................................................... 7

35 U.S.C. § 2 ....................................... ...................................................... 6

35 U.S.C. § 2(a)(1) ............................... ...................................................... 13

35 U.S.C. § 2(b)(4)(A) ........................... ...................................................... 8

35 U.S.C. § 3 ....................................... ...................................................... 6

35 U.S.C. § 3(a) (1998) ......................... ...................................................... 6

35 U.S.C. § 3(b) ................................... ...................................................... 7

35 U.S.C. § 3(b)(5) (1998)...................... ...................................................... 6

5 U.S.C. § 104(1) ................................. ...................................................... 5

5 U.S.C. § 105 ..................................... ............................................... 2, 3, 5, 8

5 U.S.C. § 552(f)(1).............................. ...................................................... 8

5 U.S.C. § 3345.................................... ............................................... 4, 5

5 U.S.C. § 3347(b) .................................................. ............................................... 9, 10

5 U.S.C. §§ 3347-49................................... ................................................ 4

5 U.S.C. §3348(a)(2)(A) ............................. ............................................... 9, 10

PTOEA § 4745............................................................................. passim

PTOEA § 4747............................................. ............................................... 7

**Page**

### PUBLIC LAWS AND STATUTES AT LARGE

PL 106-113, 113 Stat. 1501, 1501A 572-588 (November 29, 1999)............................ 6

### OTHER AUTHORITIES

Agency Organization Order 45-1 (2016) ..................... ............................................... 5

Restatement (3rd) of Agency, § 3.08(1) (2006)............ ............................................... 11

Restatement (3rd) of Agency, §§ 7.06, 7.07 (2006) ...... ............................................... 10

## INTEREST OF *AMICUS CURIAE*

For reasons more fully described in the accompanying Motion for Leave to file this *Amicus* brief, Ron D. Katznelson, Ph.D. is particularly qualified to aid this Court on the first Question Presented, having thoroughly researched and reported on directly relevant matters at https://ssrn.com/abstract=4085322. Dr. Katznelson expresses no position on the second Question Presented related to 35 U.S.C. § 112.

This *amicus* brief is filed pursuant to Fed. Cir. Rule 35(g), as electronic submission of unrepresented person provided in Fed. Cir. Rule 25(a)(1)(B).

Pursuant to Federal Rules of Appellate Procedure 29(a)(4)(E), the undersigned states that this brief was authored by *amicus curiae* Ron D. Katznelson, and that no counsel for a party authored this brief in whole or in part, and no counsel or party other than *amicus curiae* contributed money intended to fund preparing or submitting the brief.

# ARGUMENT

This case presents a precedent-setting question of exceptional importance:

"Whether the Patent and Trademark Office's ("PTO") delegation of authority to Commissioner Hirshfeld to review final decisions of the Patent Trial and Appeal Board during a vacancy in the Director's office violates the Federal Vacancies Reform Act ("FVRA")?"

The Panel in this case decided that such delegation did not violate the FVRA. Opinion, ECF No. 193. The Panel based its decision on an improperly-construed premise that the PTO is not an "Executive agency," and therefore not subject to the FVRA. It overlooked one of the alternatives within the definition at 5 U.S.C. § 105 for an "Executive agency"—the PTO is an "independent establishment." The Panel also overlooked a critical *non-delegable* supervision duty of the PTO Director prescribed by statute, rendering invalid all delegated authorities to perform any Director's duties, upon a vacancy in the Director's office.

The Panel's decision would disrupt established precedents for using Presidential designation of government officials in an Acting capacity to temporarily serve in a vacant position of a Presidentially-Appointed and Senate-confirmed ("PAS") officer. On the Panel reasoning, dozens of agencies with hundreds of PAS offices can bypass the FVRA and create Acting officers in all but name, who can hold their office *indefinitely* and wield substantial powers of heads

of agencies without Presidential accountability and Senate consent. If not reversed, the impact of this decision would go well beyond the PTO. It would mean that Congress' express statutory requirements that specifically-identified agency officers be subject to PAS are merely superfluous—agencies can write sweeping delegation orders to subvert the Constitutional appointment and confirmation process, violating  separation of powers principles protected by the FVRA.

## 1    The PTO is an "Executive agency" under Title 5

The Panel asserts that "[b]ecause the PTO is a subagency of the Department of Commerce … it is not an 'Executive agency' under the FVRA." Op. at 17.  The Panel cites 5 U.S.C. § 105, which provides "'Executive agency' means an Executive department, a Government corporation, and an independent establishment," and notes that 5 U.S.C. § 101 lists the Department of Commerce as an Executive department.

However, given that *three* distinct possible entities are deemed "Executive agency" in 5 U.S.C. § 105, the Panel did not establish that the PTO is not one, because it ostensibly ruled out only "Executive department" without ruling out, for example, "independent establishment."

First, the Panel fails to cite any law to support its hypertextual construction of a

"subagency" in an Executive department, as not being subject to the FVRA. The Panel failed to recognize the inevitable implications of its contention: If a "subagency" of an Executive department does not fall under the definition of "Executive agency," (including as "independent establishment"), all government departments, administrations, and offices established *within* the 15 Executive Departments listed in 5 U.S.C. § 101 would not be subject to the FVRA. This is because *all* substantive provisions of the FVRA—§§ 3345, and 3347-49—are applicable *only* to vacancies in an "Executive agency." Consequently, under the Panel's theory, nearly all 611 out of 806 "critical" PAS nominations in the federal government (76 percent) that are serving in these 15 Executive departments would not be subject to the FVRA.[1] Congress could not have intended to allow 76 percent of government PAS officials to be replaced through delegation to non-PAS

---

[1] Listing of PAS officers in the government at the *Political Appointee Tracker.* https://ourpublicservice.org/performance-measures/political-appointee-tracker/ (last visited July 21, 2022). 611 of them are within the 15 Executive departments. Only a few examples of PAS officers in Executive departments for which the FVRA would not apply under the Panel's theory are: Administrator – Federal Aviation Administration; Administrator – Federal Highway Administration; Administrator of the National Nuclear Security Administration; Administrator of the Transportation Security Administration; Administrator of the National Oceanic and Atmospheric Administration; Director, Census Bureau; U.S. representative to the United Nations; Assistant secretary for arms control, verification and compliance; Special representative of the president for nuclear nonproliferation, with the rank of ambassador.

officials *indefinitely*, thwarting the FVRA.

Second, the PTO itself admits that it is subject to the FVRA, and therefore is an "Executive agency." The PTO's Agency Organization Order 45-1 §II.D (ECF No. 161-2), expressly states that the Deputy Director "shall serve" as Acting Director during a vacancy in the Director's office, "subject to the limitations set forth in the [FVRA], as amended, 5 U.S.C. § 3345 et seq."

A remaining term for "Executive agency" in 5 U.S.C. § 105 that the Panel totally ignored is "independent establishment." That term is separately defined in 5 U.S.C. § 104(1) as "an establishment in the executive branch … which is not:"

(1) "Executive department,"
(2) "military department,"
(3) "Government corporation, or part thereof," or
(4) "part of an independent establishment."

The PTO does not fit any one of the four excluded categories above, and to the extent the Panel regarded the PTO as a "subagency" separate and apart from the Department of Commerce, that necessarily comports with the PTO being an "independent establishment," as shown below.

## 1.1 All executive functions and duties of the PTO were "transferred" from the Department of Commerce to an "independent establishment in the executive branch"

The Patent and Trademark Office Efficiency Act of 1999, ("PTOEA"),[2] reestablished the PTO as an independent establishment. Prior to the PTOEA, the statute provided that the "Secretary of Commerce … shall appoint all other [PTO] officers and employees," § 3(a) (1998), and that he "may vest in himself the functions of the [PTO] _and its officers_ and employees … and may … authorize their performance by any other officer or employee." 35 U.S.C. § 3(b)(5)(1998) (emphasis added).

The scope of the Secretary's delegable functions then broadly included _both_ the functions of the "Office" _and_ of "its officers and employees." In the PTOEA, Congress _transferred_ these functions and powers of the Secretary of Commerce, splitting them to the _Office_ through 35 U.S.C. § 2 and to a newly-established PAS PTO Director, through 35 U.S.C. § 3. The PTOEA also provided that the PTO "is _established_ as an agency of the United States, within the Department of Commerce … [that] otherwise _shall retain responsibility for decisions_ regarding the management and administration of its operations and shall exercise _independent_

---

[2] Pub. L. No. 106-113, § 4701-79, 113 Stat. 1501, 1501A 572-588 (November 29, 1999); 35 U.S.C. § 1 note. )

control of its [operations]," 35 U.S.C. § 1(a) (2000).

The PTOEA provided that the Director "shall" appoint officers and employees "necessary to carry out the *functions of the Office*" and "define*"* their "title, authority, and duties" and "*delegate* to them such of the powers *vested in the Office* as the Director may determine." 35 USC § 3(b) (2000)(emphasis added).

Note that contrary to the pre-PTOEA delegable functions of the Secretary, the text defining the scope of the delegable functions of the Director in § 3(b) was cut to contain only "the powers *vested in the Office*" but not in "its officers and employees," and particularly not in the Director. The delegable functions and duties *of the Director* are separately provided in PTOEA § 4745, as discussed below.

Coupling PTOEA § 4747, that clarifies that the reestablishment of the PTO "shall be considered to be the *transfer"* from Commerce, with 35 U.S.C. § 1(a)(2000), formally makes the PTO an "independent establishment" in the executive branch, and therefore an "Executive agency."

## 1.2 Other clear indicators that the PTO is an "Executive agency"

35 U.S.C. § 2(b)(4)(A) provides that in making purchases and contracts, the PTO is subject to "sections 3302, 3501(b), 3509, 3906, 4710, and 4711" of Title 41, requirements that only "Executive agencies" are legally required to follow.

That term is defined in 41 U.S.C. §§ 3302(a)(1), 4710(a) and 4711(a), as having the *identical* meaning as that in 5 U.S.C. § 105.

Moreover, the PTO's adoption of its *own* regulations in 37 C.F.R. § 102[3] for complying with the Freedom of Information Act ("FOIA") and the Privacy Act that apply to any "establishment in the executive branch," 5 U.S.C. § 552(f)(1), confirms that the PTO is an "independent establishment," as no other term in this definition applies to the PTO.

## 2   The Panel erred by its overbroad interpretation of the Director's delegation authority in PTOEA § 4745

The Panel held that the delegation of authority to Commissioner Hirshfeld to perform *all* the functions and duties of the Director did not run afoul of the FVRA because the statute defines "function or duty" to include only functions or duties "required by statute to be performed by the officer (*and only that officer*)." 5 U.S.C. §3348(a)(2)(A)(emphasis added). The Panel's citation (Op. at 8) to 35 U.S.C. § 3(b)(3)(B) is irrelevant because it describes the delegable powers of "*the Office*"—not those of the *Director*.  With respect to the functions and duties of the

---

[3] [65 *Fed. Reg.* 41903](#) (July 7, 2000) ("The [PTOEA] reestablished the [PTO] as … organization with responsibility for its own operations. Consequently, USPTO has or is gaining many functions formerly provided by the Department of Commerce. …  These proposed rules will apply to FOIA and Privacy Act requests filed after October 1, 2000.")

*Director*, the Panel cites (at 8) *only part* of the Director's delegation authority in

PTOEA § 4745, which in its entirety reads as follows:

> Except as otherwise expressly prohibited by law or otherwise provided in this subtitle, [the Director] may delegate any of the functions so transferred [to the Director] to such officers and employees of the [PTO] as the [Director] may designate, and may authorize successive redelegations of such functions as may be necessary or appropriate. *No delegation of functions* [*of the Director*] *under this section or under any other provision of this subtitle shall relieve the* [*Director*] *of responsibility for the administration of the function.*

35 U.S.C. § 1 note, PTOEA § 4745 (emphasis added).

First, note that this is a "statutory provision providing general authority" for

the Director to delegate his duties to subordinates, and therefore does not exempt

the PTO from exclusively using the VRA for filling vacancies. 5 U.S.C. § 3347(b).

Section 3347(b) does apply, because the PTO is an "Executive agency."

Second, even if § 3347(b) somehow did not apply, the analysis in

§ 3348(a)(2) would apply because PTOEA § 4745, clearly recites specific *non-*

*delegable* duties of the Director in the last sentence of the provision, wherein the

Director must retain "*responsibility* for the administration of the function." If that

responsibility were also delegable, as the powers described in the first part of

PTOEA § 4745, there would be no purpose in adding that last sentence. The

Director *is precluded from* delegating the Director's *own* "*responsibility* for the

administration of the function." That provision recites a supervisory duty, which is

9

quintessentially *exclusive* to the Director, a statutory provision that expressly imports the tenets of the common law of agency. *See* Restatement (3rd) of Agency, §§ 7.06, 7.07 (American Law Institute 2006) (a principal that has a duty to protect others *continues to hold that duty*, even if performance is delegated to an agent).

Consequently, a departing or a former PAS Director is powerless to delegate *any* of her "function and duties" to a non-PAS successor when she is no longer in government service and has lost the capacity to perform the function herself, at least by exercising her "responsibility for the administration of the function." This outcome is compelled by the common law of agency. Restatement (3rd) of Agency, § 3.08(1) (American Law Institute 2006) ("An individual principal's loss of capacity to do an act terminates the agent's actual authority to do the act."); *UC Health v. Nat'l Labor Relations Bd.*, 803 F.3d 669, 677 (D.C. Cir. 2015) ("[A]n agent's delegated authority terminates when the powers belonging to the entity that bestowed the authority are suspended' and 'is also deemed to cease upon the resignation or termination of the delegating authority,'" (citing *Laurel Baye Healthcare of Lake Lanier, Inc. v. Nat'l Labor Relations Bd.*, 564 F.3d 469, 473

(D.C. Cir. 2009)).[4]

Six other agencies having essentially identical delegation statute as PTOEA § 4745 are listed in Appendix A and the rightmost column shows that in the 2021 Presidential transition, PAS vacancies were filled by Presidential designation of an *Acting* agency head as required by the FVRA; none designated a non-PAS official to "perform the function and duties" of the respective agency head, as the PTO did.

The PTO is an outlier—other Federal agencies interpret this type of delegation statute as requiring compliance with the FVRA. One "may accord great weight to the longstanding interpretation placed on a statute by an agency charged with its administration." *Nat'l Labor Relations Bd. v. Bell Aerospace Co.*, 416 U.S. 267, 274-75 (1974). Appendix B provides other examples of such designation of Acting officials using *standing* orders by Presidential Actions for 38 agencies.

If not reversed, the Panel's decision will permit any of these agencies to cut corners and abandon their practices of using these exclusive means of the FVRA for temporary service, thereby undermining accountability to the President, the Senate and the public.

---

[4] *See also Emerson v. Fisher*, 246 F. 642, 648 (1st Cir. 1918) (corporate treasurer's resignation terminated any authority delegated by the treasurer to other individuals); *United States v. Chin*, 848 F.2d 55, 57 (4th Cir.1988) (lawyer who represented decedent lacked delegated authority establishing standing to move to abate decedent's criminal conviction).

### 3   The Panel mischaracterizes effects of properly interpreting the Director's "functions and duties"

The Panel paints a "Parade of Horribles" that would ensue, were it to find that the PTO is subject to the FVRA. Stating that "the PTO has issued more than 668,000 patents signed by an inferior officer filling in for the Director," the Panel reasons that holding that they had no such authority "would call the validity of those patents into question." Op. at 13. Compliance with the VRA, however, requires no such holding. Here, the Panel conflates the powers of the *Office* with those of the Director. Under § 3(b)(3)(B), the Director may delegate to others "the powers *vested in the Office*," which under § 2(a)(1) includes issuing patents. As opposed to the delegation of the powers *of the Director* specified in PTOEA § 4745, the statute in § 3(b)(3)(B) does not require the Director to retain "*responsibility* for the administration of the function" so delegated. Therefore, all powers *vested in the Office* that have been delegated can be exercised during a vacancy in the Director's office and that vacancy would not "call the validity of those patents into question."

# CONCLUSION

The Court should grant the petition for rehearing to address not merely whether Commissioner Hirshfeld was authorized to undertake Director review, but whether he had such authority during the Director's vacancy.


Respectfully submitted,

/Ron Katznelson/

Ron D. Katznelson, Ph.D.
*Amicus Curiae, Pro se*
rkatznelson@roadrunner.com
(760) 753-0668
1084 N. El Camino Real, Ste. B-250
Encinitas, CA 92024

JULY 25, 2022

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## <u>CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATIONS</u>

**Case Number:** 18-2140

**Short Case Caption:** Arthrex, Inc. v. Smith & Nephew, Inc.

> **Instructions:** When computing a word, line, or page count, you may exclude any items listed as exempted under Fed. R. App. P. 5(c), Fed. R. App. P. 21(d), Fed. R. App. P. 27(d)(2), Fed. R. App. P. 32(f), or Fed. Cir. R. 32(b)(2).

The foregoing filing complies with the relevant type-volume limitation of the Federal Rules of Appellate Procedure and Federal Circuit Rules because it meets one of the following:

☑ the filing has been prepared using a proportionally-spaced typeface and includes __2595__ words.

☐ the filing has been prepared using a monospaced typeface and includes _____ lines of text.

☐ the filing contains _____ pages / _____ words / _____ lines of text, which does not exceed the maximum authorized by this court's order (ECF No. _____).

Date: 07/25/2022

Signature: /Ron Katznelson/

Name: Ron D. Katznelson, Ph.D.

## Appendix A

### Other agencies' having delegation statutes essentially identical to PTOEA § 4745

| Agency; PAS | Delegation Provision (emphasis added) | Biden's Designation |
|---|---|---|
| Department of Education; 20 U.S.C § 3411 | 20 U.S.C. § 3472 ("Except as otherwise provided in this chapter, the Secretary may delegate any function to such officers and employees of the Department as the Secretary may designate, and may authorize such successive redelegations of such functions within the Department as may be necessary or appropriate. *No delegation of functions by the Secretary under this section or under any other provision of this chapter shall relieve the Secretary of responsibility for the administration of such functions*.") First enacted: PL 96-88, Title IV, § 412, 93 Stat. 684 (Oct. 17, 1979). | Designated **Phil Rosenfelt** Acting Secretary of Education. (January 20, 2021). |
| National Archives and Records Administration; 44 U.S.C. § 2103(a) | 44 U.S.C. § 2104(b) ("Except as otherwise expressly provided by law, the Archivist may delegate any of the functions of the Archivist to such officers and employees of the Administration as the Archivist may designate, and may authorize such successive redelegations of such functions as the Archivist may deem to be necessary or appropriate. *A delegation of functions by the Archivist shall not relieve the Archivist of responsibility for the administration of such functions*.") First enacted: PL. 98–497, Title I, § 102(a)(2), 98 Stat. 2281 (Oct. 19, 1984) | **David S. Ferriero** was sworn in as 10th Archivist on Nov. 13, 2009 for an unlimited term as non-political appointee; Presidential Memorandum, Dec. 23, 2016, 81 F.R. 96331 (Identifies and appoints the Acting Archivist when both the Archivist and the Deputy Archivist positions are vacant). |

| Agency; PAS | Delegation Provision (emphasis added) | Biden's Designation |
|---|---|---|
| OMB, Office of Information and Regulatory Affairs (OI-RA); 31 U.S.C. § 502(a). | 44 U.S.C. § 3503(b) ("The [OMB] Director shall delegate to the Administrator the authority to administer all functions under this subchapter, except that *any such delegation shall not relieve the Director of responsibility for the administration of such functions.*") <u>First enacted</u>: PL. 104–13, § 2, 109 Stat. 166 (May 22, 1995) | Designated **Rob Fairweather** as Acting Director of OMB. (January 20, 2021); EO 13615, May 21, 2012, 77 F.R. 31159 (Identifies and appoints the Acting Director when both the Director and the Deputy Director positions are vacant). |
| Administration for Community Living (ACL), within the Department of Health and Human Services; 42 U.S.C § 3501a; 42 U.S.C. § 3515e(i)(1)(A) | 42 U.S.C. § 3515e(d) ("Except where otherwise expressly prohibited by law or otherwise provided by this section, the Administrator of the Administration for Community Living may delegate any of the functions transferred to the Administrator of such Administration by subsection (b) and any function described in subsection (b) that was transferred or granted to such Administrator after the effective date of this section to such officers and employees of such Administration as the Administrator may designate, and may authorize successive redelegations of such functions described in subsection (b) as may be necessary or appropriate. *No delegation of such functions by the Administrator of the Administration for Community Living under this subsection or under any other provision of this section shall relieve such Administrator of responsibility for the administration of such functions.*") <u>First enacted</u>: PL. 113-128, Title IV, § 491, 128 Stat. 1695 (July 22, 2014) | Designated **Alison Barkoff** Acting Administrator and Assistant Secretary for Aging at ACL. (January 20, 2021). |

| Agency; PAS | Delegation Provision (emphasis added) | Biden's Designation |
|---|---|---|
| Department of Labor; 29 U.S.C § 551 | 29 U.S.C. § 3226 note ("Except where otherwise expressly prohibited by law or otherwise provided by this section, the Secretary of Labor may delegate any of the functions transferred to the Secretary of Labor by this section and any function transferred or granted to the Secretary of Labor after the effective date of this section to such officers and employees of the Department of Labor as the Secretary of Labor may designate, and may authorize successive redelegations of such functions as may be necessary or appropriate. *No delegation of functions by the Secretary of Labor under this subsection or under any other provision of this section shall relieve the Secretary of Labor of responsibility for the administration of such functions.*) First enacted: PL. 109–281, § 3(e), 120 Stat.(Sept. 22, 2006) | Designated **Al Stewart** Acting Secretary of Labor (January 20, 2021); EO 13755, (Dec. 23, 2016) 81 F.R. 96329.(Identifies and appoints the Acting Secretary when both the Secretary and the Deputy Secretary positions are vacant) |
| Corporation for National and Community Service (Americorps); 42 U.S.C. § 12651c(a) | 42 U.S.C. § 12651d(d)(2) ("Except as otherwise prohibited by law or provided in the national service laws, the Chief Executive Officer may delegate any function under the national service laws, and authorize such successive redelegations of such function as may be necessary or appropriate. *No delegation of a function by the Chief Executive Officer under this subsection or under any other provision of the national service laws shall relieve such Chief Executive Officer of responsibility for the administration of such function.*") First enacted: PL 103–82, 107 Stat 785 (September 21, 1993) | Designated **Malcolm Coles** Acting Chief Executive Officer. (January 20, 2021). |

## Appendix B

**Presidential actions designating Acting agency head upon vacancies in the agency head position**.

| Agency | Presidential Instrument | Designation text |
|---|---|---|
| Council on Environmental Quality | Memorandum of the President, Sept. 6, 2019, 84 F.R. 48227, as corrected Sept. 16, 2019, 84 F.R. 48549. | Sec 1. Subject to the provisions of section 2 of this memorandum and to the limitations set forth in the [FVRA], the following officials of the Council on Environmental Quality, in the order listed, shall act as and perform the functions and duties of the office of the Chairman of the Council on Environmental Quality (Chairman), during any period in which the Chairman has died, resigned, or otherwise becomes unable to perform the functions and duties of the office of the Chairman: |
| Department of Agriculture | Ex. Ord. No. 13612, May 21, 2012, 77 F.R. 31153. | Sec. 1(a) Subject to the provisions of section 2 of this order, and to the limitations set forth in the [FVRA], the following officials of the Department of Agriculture, in the order listed, shall act as and perform the functions and duties of the office of Secretary of Agriculture (Secretary) during any period in which both the Secretary and the Deputy Secretary of Agriculture (Deputy Secretary) have died, resigned, or are otherwise unable to perform the functions and duties of the office of Secretary: |

| Agency | Presidential Instrument | Designation text |
|---|---|---|
| Department of Commerce | Ex. Ord. No. 13613, May 21, 2012, 77 F.R. 31155. | Subject to the provisions of section 2 of this order, and to the limitations set forth in the [FVRA], the following officials of the Department of Commerce, in the order listed, shall act as and perform the functions and duties of the office of the Secretary of Commerce (Secretary) during any period in which the Secretary has died, resigned, or otherwise become unable to perform the functions and duties of the office of the Secretary:  (a) Deputy Secretary of Commerce;  (b) General Counsel of the Department of Commerce; ……. |
| Department of Defense | Ex. Ord. No. 13963, Dec. 10, 2020, 85 F.R. 81331. | Sec. 1(a) Subject to the provisions of section 2 of this order, the following officials of the Department of Defense, in the order listed, shall act as and perform the functions and duties of the office of the Secretary of Defense (Secretary) during any period in which the Secretary has died, resigned, or otherwise become unable to perform the functions and duties of the office of the Secretary, until such time as the Secretary is able to perform the functions and duties of that office: (i) Deputy Secretary of Defense; (ii) Secretaries of the Military Departments; …. |
| Department of Health and Human Services | Ex. Ord. No. 13461, Feb. 15, 2008, 73 F.R. 9437. | Sec. 1. Subject to the provisions of section 3 of this order, the officers named in section 2, in the order listed, shall act as and perform the functions and duties of the Office of the Secretary of Health and Human Services (Secretary), if they are eligible to act as Secretary under the provisions of the [FVRA], during any period in which the Secretary has died, resigned, or become otherwise unable to perform the functions and duties of the office of Secretary. |

| Agency | Presidential Instrument | Designation text |
|--------|-------------------------|------------------|
| Department of Homeland Security | For order of succession within the Department of Homeland Security, see Ex. Ord. No. 13286, § 88, Feb. 28, 2003, 68 F.R. 10632, as amended, set out as a note under section 111 of Title 6, Domestic Security. | Subject to the provisions of subsection (b) of this section, the officers named in subsection (a) of this section, in the order listed, shall act as, and perform the functions and duties of, the office of Secretary of Homeland Security ('Secretary'') during any period in which the Secretary has died, resigned, or otherwise become unable to perform the functions and duties of the office of Secretary. |
| Department of Housing and Urban Development | Ex. Ord. No. 13243, Dec. 18, 2001, 66 F.R. 66262, as amended by Ex. Ord. No. 13261, § 4(c), Mar. 19, 2002, 67 F.R. 13244. | Sec. 1. Subject to the provisions of section 3 of this Executive Order, the officers named in section 2, in the order listed, shall act as and perform the functions and duties of the office of Secretary of Housing and Urban Development (Secretary) during any period when both the Secretary and the Deputy Secretary of Housing and Urban Development (Deputy Secretary) have died, resigned, or are otherwise unable to perform the functions and duties of the office of Secretary. Sec. 3(a) No individual who is serving in an office listed in section 2(a)–(i) in an acting capacity shall, by virtue of so serving, act as Secretary pursuant to this order.' |

| Agency | Presidential Instrument | Designation text |
|---|---|---|
| Department of Justice | Ex. Ord. No. 13787, Mar. 31, 2017, 82 F.R. 16723. | Sec. 1. Subject to the provisions of section 2 of this order, the following officers, in the order listed, shall act as and perform the functions and duties of the office of Attorney General during any period in which the Attorney General, the Deputy Attorney General, the Associate Attorney General, and any officers designated by the Attorney General pursuant to 28 U.S.C. 508 to act as Attorney General, have died, resigned, or otherwise become unable to perform the functions and duties of the office of Attorney General, until such time as at least one of the officers mentioned above is able to perform the functions and duties of that office: |
| Department of Labor | Ex. Ord. No. 13755, Dec. 23, 2016, 81 F.R. 96329. | Sec. 1. Subject to the provisions of section 2 of this order, and to the limitations set forth in the [FVRA], the following officials of the Department of Labor, in the order listed, shall act as and perform the functions and duties of the office of Secretary of Labor (Secretary) during any period in which both the Secretary and the Deputy Secretary of Labor have died, resigned, or otherwise become unable to perform the functions and duties of the office of Secretary: |
| Department of State | Ex. Ord. No. 13251, Dec. 28, 2001, 67 F.R. 1599, as amended by Ex. Ord. No. 13261, § 4(i), Mar. 19, 2002, 67 F.R. 13244. | Section 1. Subject to the provisions of section 3 of this order, the officers named in section 2, in the order listed, shall act as, and perform the duties of, the office of Secretary of State (Secretary) during any period in which the Secretary has died, resigned, or otherwise become unable to perform the functions and duties of the office of Secretary. Sec. 3(b) No individual who is serving in an office listed in section 2(a)–(i) in an acting capacity shall, by virtue of so serving, act as Secretary pursuant to this order.' |

| Agency | Presidential Instrument | Designation text |
|---|---|---|
| Department of the Air Force | Ex. Ord. No. 12909, Apr. 22, 1994, 59 F.R. 21909. | Sec. 1(a) In the event of the death, permanent disability, or resignation of the Secretary of the Air Force, the incumbents holding the positions designated below, in the order indicated, shall act for and exercise the powers of the Secretary of the Air Force: (1) The Under Secretary of the Air Force. …. |
| Department of the Army | Ex. Ord. No. 12908, Apr. 22, 1994, 59 F.R. 21907. | Sec. 1. Succession to Act as the Secretary of the Army. (a) In the event of the death, permanent disability, or resignation of the Secretary of the Army, the incumbents holding the positions designated below, in the order indicated, shall act for and exercise the powers of the Secretary of the Army: |
| Department of the Interior | Ex. Ord. No. 13915, Apr. 14, 2020, 85 F.R. 21733. | Sec. 1. Subject to the provisions of section 3 of this order, the officers named in section 2, in the order listed, shall act as and perform the functions and duties of the office of Secretary of the Interior (Secretary) during any period when both the Secretary and the Deputy Secretary of the Interior have died, resigned, or are otherwise unable to perform the functions and duties of the office of Secretary. |
| Department of the Navy | Ex. Ord. No. 12879, Nov. 8, 1993, 58 F.R. 59929. | Sec. 1. Succession to the Authority of the Secretary of the Navy. (a) In the event of the death, permanent disability, or resignation of the Secretary of the Navy, the incumbents holding the positions designated below, in the order indicated, shall act for and exercise the powers of the Secretary of the Navy: |
| Department of the Treasury | Ex. Ord. No. 13735, Aug. 12, 2016, 81 F.R. 54709. | Sec. 1. Subject to the provisions of section 3 of this Executive Order, the officers named in section 2, in the order listed, shall act as and perform the functions and duties of the office of Secretary of the Treasury (Secretary) during any period when both the Secretary and the Deputy Secretary of the Treasury have died, resigned, or are otherwise unable to perform the functions and duties of the office of Secretary. |

| Agency | Presidential Instrument | Designation text |
|---|---|---|
| Department of Transportation | Ex. Ord. No. 13485, Jan. 9, 2009, 74 F.R. 2287. | It is hereby ordered that Executive Order 13241 of December 18, 2001, as amended, is further amended as follows: [amending only the succession order] |
| Department of Veterans Affairs | Ex. Ord. No. 13736, Aug. 12, 2016, 81 F.R. 54711. | Sec. 1. Order of Succession. Subject to the provisions of section 2 of this order and to the limitations set forth in the Act, the following officials of the Department of Veterans Affairs, in the order listed, shall act as Secretary of Veterans Affairs (Secretary) and perform the functions and duties of the office of the Secretary during any period in which both the Secretary and the Deputy Secretary of Veterans Affairs have died, resigned, or otherwise become unable to perform the functions and duties of the office of Secretary: |
| Environmental Protection Agency | Ex. Ord. No. 13973, Jan. 8, 2021, 86 F.R. 3733. | Sec. 1. Order of Succession. Subject to the provisions of section 2 of this order, and to the limitations set forth in the Act, the following officials of the Environmental Protection Agency, in the order listed, shall act as and perform the functions and duties of the office of the Administrator of the Environmental Protection Agency (Administrator) during any period in which the Administrator and the Deputy Administrator of the Environmental Protection Agency have died, resigned, or otherwise become unable to perform the functions and duties of the office of Administrator |

| Agency | Presidential Instrument | Designation text |
|---|---|---|
| Federal Bureau of Investigation | Memorandum of the President, Feb. 9, 2007, 72 F.R. 7343. | Sec. 1. Order of Succession. During any period when the Director of the Federal Bureau of Investigation (Director) has died, resigned, or otherwise become unable to perform the functions and duties of the office of the Director, the following officials of the Federal Bureau of Investigation, in the order listed, shall perform the functions and duties of the office of the Director of the Federal Bureau of Investigation, until such time as the Director is able to perform the functions and duties of the office of Director of the Federal Bureau of Investigation: |
| Federal Emergency Management Agency | Memorandum of the President, Nov. 26, 2002, 67 F.R. 79513. | Sec. 1. During any period when both the Director of the Federal Emergency Management Agency (Director) and the Deputy Director of the Federal Emergency Management Agency (Deputy Director) have died, resigned, or otherwise become unable to perform the functions and duties of the office of Director, the following officers of the Federal Emergency Management Agency, in the order listed, shall perform the functions and duties of the office of Director, if they are eligible to act as Director under the provisions of the Federal Vacancies Reform Act of 1998, until such time as the Director or Deputy Director is able to perform the functions and duties of the office of Director: |
| Federal Mediation and Conciliation Service | Memorandum of the President, Jan. 13, 2017, 82 F.R. 7629. | Sec. 1. Order of Succession. Subject to the provisions of section 2 of this memorandum, and to the limitations set forth in the Act, the following officials of the Federal Mediation and Conciliation Service, in the order listed, shall act as and perform the functions and duties of the Office of the Director of the Federal Mediation and Conciliation Service (Director), during any period in which the Director has died, resigned, or otherwise become unable to perform the functions and duties of the Office of the Director: |

| Agency | Presidential Instrument | Designation text |
|---|---|---|
| General Services Administration | Memorandum of the President, Sept. 2, 2020, 85 F.R. 55585. | Sec. 1. Order of Succession. Subject to the provisions of section 2 of this memorandum and to the limitations set forth in the Act, the following officials of the General Services Administration, in the order listed, shall act as and perform the functions and duties of the office of the Administrator of General Services (Administrator), during any period in which both the Administrator and Deputy Administrator have died, resigned, or otherwise become unable to perform the functions and duties of the office of Administrator: |
| Millennium Challenge Corporation | Memorandum of the President, May 21, 2012, 77 F.R. 31161. | Sec. 1. Order of Succession. Subject to the provisions of section 2 of this memorandum and to the limitations set forth in the Act, the following officers of the Millennium Challenge Corporation (MCC), in the order listed, shall act as and perform the functions and duties of the Chief Executive Officer (CEO) of the MCC during any period in which the CEO of the MCC has died, resigned, or otherwise becomes unable or unavailable to perform the functions and duties of the office of the CEO of the MCC: |
| National Aeronautics and Space Administration | Memorandum of the President, Jan. 16, 2009, 74 F.R. 4099. | Sec. 1. Order of Succession. Subject to the provisions of section 2 of this memorandum, the following officials of the National Aeronautics and Space Administration (NASA), in the order listed, shall act as and perform the functions and duties of the office of the Administrator of NASA (Administrator), during any period in which both the Administrator and Deputy Administrator of NASA (Deputy Administrator) have died, resigned, or otherwise become unable to perform the functions and duties of the office of Administrator, until such time as the Administrator or Deputy Administrator is able to perform the functions and duties of that office: |

| Agency | Presidential Instrument | Designation text |
|---|---|---|
| National Archives and Records Administration | Memorandum of the President, Dec. 23, 2016, 81 F.R. 96331. | Sec. 1. Order of Succession. Subject to the provisions of section 2 of this memorandum, and the limitations set forth in the Act, the following officials of the National Archives and Records Administration, in the order listed, shall act as and perform the functions and duties of the office of the Archivist of the United States (Archivist), during any period in which both the Archivist and the Deputy Archivist have died, resigned, or otherwise become unable to perform the functions and duties of the office of the Archivist |
| National Endowment for the Arts | Memorandum of the President, Dec. 23, 2016, 81 F.R. 96335. | Sec. 1. Order of Succession. Subject to the provisions of section 2 of this memorandum, and to the limitations set forth in the Act, the following officials of the National Endowment for the Arts, in the order listed, shall act as the Chairperson of the National Endowment for the Arts (Chairperson) and perform the functions and duties of the office of the Chairperson during any period in which the Chairperson has died, resigned, or otherwise become unable to perform the functions and duties of the office of the Chairperson: |
| National Endowment for the Humanities | Memorandum of the President, Aug. 12, 2016, 81 F.R. 54717. | Sec. 1. Order of Succession. Subject to the provisions of section 2 of this memorandum, and to the limitations set forth in the Act, the following officials of the National Endowment for the Humanities, in the order listed, shall act as the Chairperson of the National Endowment for the Humanities (Chairperson) and perform the functions and duties of the office of the Chairperson during any period in which the Chairperson has died, resigned, or otherwise become unable to perform the functions and duties of the office of Chairperson: |

| Agency | Presidential Instrument | Designation text |
|--------|------------------------|------------------|
| Office of Management and Budget | Ex. Ord. No. 13615, May 21, 2012, 77 F.R. 31159. | Sec. 1. Order of Succession. Subject to the provisions of section 2 of this order, and to the limitations set forth in the Act, the following officers of the Office of Management and Budget, in the order listed, shall act as and perform the functions and duties of the office of Director during any period in which both the Director of the Office of Management and Budget (Director) and the Deputy Director of the Office of Management and Budget (Deputy Director) have died, resigned, or otherwise become unable to perform the functions and duties of the office of Director: |
| Office of Personnel Management | Memorandum of the President, Dec. 10, 2020, 85 F.R. 81775. | Sec. 1. Order of Succession. Subject to the provisions of section 2 of this memorandum and to the limitations set forth in the Act, the following officials of the Office of Personnel Management (OPM), in the order listed, shall act as and perform the functions and duties of the office of Director of OPM (Director) during any period in which both the Director and the Deputy Director of OPM have died, resigned, or otherwise become unable to perform the functions and duties of the office of Director |
| Office of Science and Technology Policy | Memorandum of the President, Jan. 13, 2017, 82 F.R. 7625. | Sec. 1. Order of Succession. Subject to the provisions of section 2 of this memorandum and the limitations set forth in the Act, the following officials of the Office of Science and Technology Policy (OSTP), in the order listed, shall act as and perform the functions and duties of the office of the Director of OSTP (Director), during any period in which the Director has died, resigned, or otherwise become unable to perform the functions and duties of the office of Director, until such time as the Director is able to perform the functions and duties of that office: |

| Agency | Presidential Instrument | Designation text |
|---|---|---|
| Office of the Director of National Intelligence | Memorandum of the President, Sept. 20, 2013, 78 F.R. 59159. | Sec. 1. Order of Succession. Subject to the provisions of sections 2 and 3 of this memorandum, and to the limitations set forth in the Act, the following officials of the Office of the Director of National Intelligence, in the order listed, shall act as and perform the functions and duties of the Director of National Intelligence (DNI) during any period in which the DNI and the Principal Deputy Director of National Intelligence have died, resigned, or otherwise become unable to perform the functions and duties of the DNI: |
| Office of the United States Trade Representative | Memorandum of the President, Feb. 20, 2007, 72 F.R. 8085. | Sec. 1. Order of Succession. During any period when the United States Trade Representative (USTR) has died, resigned, or otherwise becomes unable to perform the functions and duties of the office of the United States Trade Representative, the following officers of the Office of the United States Trade Representative, in the order listed, shall perform the functions and duties of the USTR, until such time as the USTR is able to perform the functions and duties of that office; |
| Overseas Private Investment Corporation | Memorandum of the President, June 6, 2011, 76 F.R. 33613. | Sec. 1. Order of Succession. Subject to the provisions of section 2 of this memorandum, and to the limitations set forth in the Act, the following officers of the Overseas Private Investment Corporation (OPIC), in the order listed, shall act as and perform the functions and duties of the office of the President of OPIC during any period in which the President of OPIC has died, resigned, or otherwise become unable to perform the functions and duties of the office of the President of OPIC: |

| Agency | Presidential Instrument | Designation text |
|---|---|---|
| Pension Benefit Guaranty Corporation | Memorandum of the President, Apr. 2, 2020, 85 F.R. 19637. | Sec. 1. Order of Succession. Subject to the provisions of section 2 of this memorandum and to the limitations set forth in the Act, the following officials of the Pension Benefit Guaranty Corporation, in the order listed, shall act as and perform the functions and duties of the office of the Director of the Pension Benefit Guaranty Corporation (Director) during any period in which the Director has died, resigned, or otherwise become unable to perform the functions and duties of the office of Director: |
| Social Security Administration | Memorandum of the President, Dec. 23, 2016, 81 F.R. 96337. | Sec. 1. Order of Succession. Subject to the provisions of section 2 of this memorandum, and to the limitations set forth in the Act, the following officials of the Social Security Administration, in the order listed, shall act as and perform the functions and duties of the office of the Commissioner of Social Security (Commissioner), during any period in which both the Commissioner and Deputy Commissioner of Social Security have died, resigned, or become otherwise unable to perform the functions and duties of the office of Commissioner |
| United States Agency for International Development | Memorandum of the President, Dec. 9, 2008, 73 F.R. 75535. | Sec. 1. Order of Succession. Subject to the provisions of section 2 of this memorandum, the Assistant Administrators for the Bureaus, in the order in which they were appointed as an Assistant Administrator, shall act as and perform the functions and duties of the office of the Administrator (Administrator), during any period in which the Administrator and the Deputy Administrator have died, resigned, or otherwise become unable to perform the functions and duties of the office of Administrator, until such time as the Administrator or Deputy Administrator are able to perform the functions and duties of that office: |

| Agency | Presidential Instrument | Designation text |
|---|---|---|
| United States Section, International Boundary and Water Commission, United States and Mexico | Memorandum of the President, Aug. 31, 2009, 74 F.R. 45533. | Sec. 1. Order of Succession.  Subject to the provisions of section 2 of this memorandum, the following officials of the United States Section, International Boundary and Water Commission, United States and Mexico, in the order listed, shall act as and perform the functions and duties of the office of the Commissioner of the United States Section, International Boundary and Water Commission, United States and Mexico (Commissioner), during any period in which the Commissioner has died, resigned, or otherwise become unable to perform the functions and duties of the office of Commissioner, until such time as the Commissioner is able to perform the functions and duties of that office: |
| United States International Development Finance Corporation | Memorandum of the President, Jan. 8, 2021, 86 F.R. 2949. | Sec. 1. Order of Succession. Subject to the provisions of section 2 of this memorandum, and to the limitations set forth in the Act, the following officers of the United States International Development Finance Corporation (DFC), in the order listed, shall act as and perform the functions and duties of the office of the Chief Executive Officer of DFC during any period in which the Chief Executive Officer of DFC has died, resigned, or otherwise become unable to perform the functions and duties of the office of the Chief Executive Officer of DFC: |